# United States Tax Court

T.C. Memo. 2023-39

GREATEST COMMON FACTOR,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 22299-21.                    Filed March 23, 2023.

————————

Glenn C. Fyfe (an officer), for petitioner.

*Tiffany A. Loewenstein*, *Deborah R. Kelessidis*, and *Michael K. Park* for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, *Chief Judge*:  Respondent determined the following deficiencies, penalties, and additions to tax with respect to petitioner's federal income tax returns for 2013 and 2014 (years in issue).

| Year | Deficiency | Penalties/Additions to Tax | |
|------|------------|:---:|:---:|
| | | *§ 6662(a)* | *§ 6651(a)(1)* |
| 2013 | $49,817 | $9,963 | $12,454 |
| 2014 | 38,479 | 7,696 | 9,620 |

After concessions the issues for consideration are whether petitioner is (1) entitled to deduct expenses related to a home office, several vehicles, and depreciation reported on Forms 1120, U.S.

**[\*2]** Corporation Income Tax Return, and (2) liable for accuracy-related penalties pursuant to section 6662(a).[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

FINDINGS OF FACT

Some of the facts are stipulated and so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. Petitioner was treated as a C corporation for Federal income tax purpose for the years in issue. Its principal place of business was in California when the Petition was timely filed.

During the years in issue Glenn Fyfe and his ex-wife Rhonda Fyfe were each 50% shareholders of petitioner. Mr. Fyfe represents petitioner as an authorized officer in accordance with Rule 24(b)(1). Petitioner reported total gross receipts from Kinsey Technical Services (Kinsey) of $274,448 and $265,126 for 2013 and 2014, respectively. For the years in issue, Kinsey provided engineering services for the U.S. military. Mr. Fyfe was a subcontractor for Kinsey, and he provided technical consulting on classified projects at the Los Angeles Air Force Base. He was not permitted to take documents from the premises.

Petitioner's Forms 1120 for the years in issue claimed deductions and reported various expenses. Petitioner claimed home office deductions of $13,747 and $13,615 for 2013 and 2014, respectively. Petitioner reported car and truck expenses of $17,785 and $16,412 for 2013 and 2014, respectively. Petitioner reported depreciation expenses of $8,558 and $67,706 for 2013 and 2014, respectively. Respondent disallowed these deductions and expenses in a notice of deficiency dated March 30, 2021.

---

[1] Respondent conceded the additions to tax pursuant to section 6651(a)(1) after the Stipulation of Settled Issues was agreed to by the parties.

[*3]                              OPINION

I.      *Burden of Proof*

Generally, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and taxpayers bear the burden of showing the determinations are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioner did not contend that the burden of proof should shift to respondent under section 7491(a).

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976).

Section 162 permits taxpayers to deduct all ordinary and necessary business expenses paid or incurred during the taxable year. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, *Deputy v. du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); Treas. Reg. § 1.162-1(a).

II.     *Home Office Deduction*

Generally, section 280A disallows deductions related to a dwelling used by taxpayers as a residence. The section 280A disallowance applies in the case of a taxpayer who is an individual or an S corporation. § 280A(a). Because petitioner is a C corporation, section 280A is inapplicable. *See Christopher C.L. Ng MD, Inc. APC v. Commissioner*, T.C. Memo. 2018-14, at *8.

A C corporation "may deduct payments made to lease home office space from an employee (or from its owner) as rent if they are ordinary and necessary expenses [under section 162] directly connected with or pertaining to the corporation's trade or business." *Id.* Here there is no evidence in the record indicating that there was any such rental agreement. Further, there is no evidence that petitioner expended any of its funds in maintaining the alleged home office. There are therefore

**[\*4]** no grounds on which petitioner, a C corporation, could deduct the expenses related to Mr. Fyfe's home office under section 162.

We also note that even if Mr. Fyfe were the taxpayer, he would not be entitled to home office deductions because the dwelling was not "exclusively used on a regular basis . . . as the principal place of business for any trade or business of the taxpayer." § 280A(c)(1)(A). During the years in issue petitioner's only income was from Kinsey. Mr. Fyfe's work for Kinsey was performed at the Los Angeles Airforce Base. Because of the classified nature of his work for Kinsey, Mr. Fyfe was not allowed to take home any work. Accordingly, we sustain respondent's disallowance of petitioner's home office deduction.

## III.    *Car and Truck Expenses*

Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930); *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985). This principle is often referred to as the *Cohan* rule. *See, e.g.*, *Estate of Reinke v. Commissioner*, 46 F.3d 760, 764 (8th Cir. 1995), *aff'g* T.C. Memo. 1993-197.

Certain expenses specified in section 274 are subject to strict substantiation rules. No deductions under section 162 shall be allowed for "listed property," as defined in section 280F(d)(4), "unless the taxpayer substantiates [them] by adequate records or by sufficient evidence corroborating the taxpayer's own statement." § 274(d). Listed property includes passenger automobiles and other property used for transportation. § 280F(d)(4)(A)(i) and (ii).

To meet these strict substantiation rules, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense, (2) the time and place the expense was incurred, and (3) the business purpose of the expense. § 274(d). To substantiate by adequate records, the taxpayer must provide (1) an account book, a log, or a similar record, and (2) documentary evidence, which together are sufficient to establish each element of an expenditure. Temp. Treas. Reg. § 1.274-5T(c)(2)(i). Documentary evidence includes receipts, paid bills, or similar evidence. Treas. Reg. § 1.274-5(c)(2)(iii). To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by his or her own statement and by documentary

**[\*5]** evidence or other direct evidence. Temp. Treas. Reg. § 1.274-5T(c)(3)(i).

Car and truck expenses are subject to the strict substantiation rules of section 274(d). §§ 274(d)(1), (4), 280F(d)(4)(A)(i) and (ii). Petitioner deducted Mr. Fyfe's car and truck expenses. Mr. Fyfe has provided information regarding his car and truck expenses including mileage logs; however, the receipts and logs do not show that there was a business purpose. His logs include commuting from his home to the Los Angeles Air Force Base. A taxpayer's choice about where to live is personal. *Cf. Commissioner v. Flowers*, 326 U.S. 465, 473–74 (1946) (reasoning that commuting expense are not deductible because the taxpayer makes a personal choice about where to live). The costs of commuting between one's residence and one's workplace are not deductible. *See* Treas. Reg. § 1.162-2(e). We sustain respondent's disallowance of petitioner's car and truck expenses.

IV. *Depreciation*

For property used in a trade or business or held for the production of income, a depreciation deduction is allowed for reasonable exhaustion and wear and tear. § 167(a). To substantiate entitlement to a depreciation deduction, a taxpayer must establish the property's depreciable basis by showing the cost of the property, its useful life, and the previously allowable depreciation. *Cluck v. Commissioner*, 105 T.C. 324, 337 (1995). A claimed deduction with respect to any "listed property," a category including "any passenger automobile," is subject to heightened substantiation requirements under section 274(d)(4). *See* § 280F(d)(4) (defining "listed property").

Petitioner claimed depreciation deductions related to three different vehicles for the years in issue. Petitioner did not provide supporting documents to show the purchase prices of the vehicles and documents supporting its ownership of the vehicles. Furthermore, petitioner did not prove the extent to which the vehicles were used for business purposes. We sustain respondent's disallowance of petitioner's depreciation deductions.

V. *Accuracy-Related Penalties*

Respondent determined accuracy-related penalties under section 6662(a) for the years in issue. The burden of production as to the penalties remains with petitioner because section 7491(c) does not apply to corporations. *See NT, Inc. v. Commissioner*, 126 T.C. 191, 195 (2006).

**[\*6]** We have held previously that the Commissioner does not have the burden of production as to supervisory approval under section 6751(b) for a penalty determined against a corporation in a notice of deficiency. *Dynamo Holdings Ltd. P'ship v. Commissioner*, 150 T.C. 224, 231–32 (2018).

Section 6662(a) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return if, as provided by section 6662(b)(1), the underpayment is attributable to "[n]egligence or disregard of rules or regulations." Negligence includes "any failure to make a reasonable attempt to comply" with the internal revenue laws, and "disregard" includes "any careless, reckless, or intentional disregard." § 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Treas. Reg. § 1.6662-3(b)(1).

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows reasonable cause and good faith. § 6664(c)(1); *see Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). Petitioner did not show reasonable cause. Accordingly, petitioner is liable for the section 6662(a) penalty.

To reflect the foregoing,

*Decision will be entered under Rule 155.*